IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HATTON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3981 |
| | § | |
| DANIEL D. GRIGAR, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff John Hatton, *pro se*, filed this lawsuit seeking a declaratory judgment

that a certain road is Plaintiff's private road and an injunction barring Defendant Daniel

D. Grigar from using the road.[1]  The case is before the Court on Defendant's Motion

to Dismiss [Doc. # 4], to which Plaintiff filed a timely response [Doc. # 6].  Based on

the Court's review of the full record and the application of governing legal authorities,

the Court **grants** Defendant's Motion to Dismiss.

Defendant argues that Plaintiff's claims in this case are barred by *res judicata.*

"The test for res judicata has four elements: (1) the parties are identical or in privity;

(2) the judgment in the prior action was rendered by a court of competent jurisdiction;

(3) the prior action was concluded by a final judgment on the merits; and (4) the same

---

[1]      The road at issue runs perpendicular from State Highway 36 toward the Brazos River in Fort
Bend County.

claim or cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  If Plaintiff can prevail in this lawsuit only by showing that the prior judgment was wrong, this lawsuit is barred by *res judicata. See id.*

Defendant bases his *res judicata* argument on a prior judgment entered June 23, 2000, in the 268th Judicial District Court of Fort Bend County, Texas.  *See* 2000 Judgment, attached to Defendant's Motion to Dismiss.  In that case, Grigar sued Hatton seeking a declaration that the road in dispute was a public road.  Hatton was represented by counsel and testified during the state court action.  The state court announced its findings and entered judgment that the road at issue was a public road and granted to Grigar an easement on the road.[2]  The Texas Court of Appeals affirmed, agreeing that the road was a public road.  *See Hatton v. Grigar*, 66 S.W.3d 545, 557 (Tex. App. – Houston [14th Dist.] 2002, *rule 53.7 motion denied*).

The parties in the Fort Bend County litigation are identical to the parties in this lawsuit.  Plaintiff's argument that Judge Brady Elliott, who entered the 2000 Judgment, became a party when he signed the 2000 Judgment, is without merit.  Judge Elliott was

---

[2]  In a later judgment entered December 20, 2002, Hatton was enjoined from obstructing the public road.  In September 2003, Hatton was held in contempt and ordered to remove barricades and obstructions from the public road in question.  The Texas Court of Appeals dismissed Hatton's appeal as frivolous and sanctioned him and his attorney. *See Hatton v. Grigar*, 2004 WL 583045 (Tex. App. – Houston [14th Dist.] 2004).

not a party to the prior litigation, and Plaintiff did not (and legally cannot) name Judge

Elliott as a defendant in this case.[3]

The 2000 Judgment was rendered by the 268th Judicial District Court of Fort

Bend County, a court of competent jurisdiction in the county where the subject road is

located.  The Fort Bend County litigation was concluded by a final judgment on the

merits, which was affirmed on appeal.

The same claim was involved in the prior lawsuit as in this case.  In this case,

Hatton asks the Court to declare the disputed road, previously declared by the Texas

court to be a public road, to be a private road.  Hatton argues that his suit to try title is

not barred because "[n]o Court has tried the title to this road . . .."  *See* Response [Doc.

# 6], p. 7.  The record establishes clearly, however, that Hatton testified before the Fort

Bend County court, stating that the road was not a public road but, instead, was a

private road that he controlled and maintained.  *See Hatton*, 66 S.W.3d at 552.  The

judge rejected Hatton's position, finding that "Hatton had no right exclusive of any one

else to the use of the road" and that "the road was used by the public for many years

prior to the acquisition of any rights to the road by Mr. Hatton."  *Id.* at 552-53.  Thus,

---

[3]     Judge Elliott is immune from suit because he acted in his official capacity in issuing the 2000
        Judgment.

the state court found that Hatton did not have title to the public road.  The Court of Appeals affirmed the trial court's decision.

There was a final judgment on the merits issued by a court of competent jurisdiction in a prior lawsuit involving the identical parties and the identical claim.  The only way Hatton would be able to prevail in this case would be for the Court to find that the 2000 Judgment – affirmed by the Texas Court of Appeals – was incorrect.  As a result, Hatton's claims for declaratory and injunctive relief in this case are barred by *res judicata*, and it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **GRANTED**. The Court will issue a separate dismissal order.

SIGNED at Houston, Texas, this **22nd** day of **February, 2007**.

_____

Nancy F. Atlas
United States District Judge