IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HATTON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3981 |
| | § | |
| DANIEL D. GRIGAR, | § | |
|     Defendant. | § | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff John Hatton, *pro se*, filed his "Trespass to Try Title and Application for a Restraining Order, Temporary Injunction, and Permanent Injunction" ("Complaint") [Doc. # 1] seeking a "declaratory judgment" that Defendant Daniel Grigar may not enter a certain road that Plaintiff asserts is a private road.  *See* Complaint, ¶ 16. Plaintiff also requested an injunction barring Defendant from using the road.  By Memorandum and Order [Doc. # 7] and Final Order of Dismissal [Doc. # 8] entered February 22, 2007, the Court dismissed the case as barred by the preclusive effect of a prior judgment entered June 23, 2000, in the 268th Judicial District Court of Fort Bend County, Texas.

Plaintiff then filed a Motion for Reconsideration [Doc. # 9] and an Amended Motion for Reconsideration [Doc. # 10], which the Court denied by Memorandum and Order [Doc. # 14] entered March 29, 2007.  The case is now before the Court on

Plaintiff's Motion for New Trial [Doc. # 15] filed pursuant to Rule 59 of the Federal Rules of Civil Procedure.[1]

Whatever title Plaintiff gives his original pleading, the relief he seeks in this lawsuit is an injunction against Defendant's use of the subject road. The 268th Judicial District Court of Fort Bend County, Texas, has already held that the road is public. Based on the preclusive effect of that state court ruling, the Court dismissed this case. In his prior Motions for Reconsideration and in the Motion for New Trial, Plaintiff presents the same arguments he presented in opposition to Defendant's Motion to Dismiss. These prior rulings were correct, and it is hereby

**ORDERED** that Plaintiff's Motion for New Trial [Doc. # 15] is **DENIED**.

SIGNED at Houston, Texas, this **12th** day of **April, 2007**.

_____
Nancy F. Atlas
United States District Judge

---

[1] Plaintiff states that his Motion for New Trial is filed pursuant to Rule 59(a)-(e) of the Federal Rules of Civil Procedure. A motion for new trial must be filed "no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(b). The Final Dismissal Order [Doc. # 8] was entered February 22, 2007, more than 10 business days before Plaintiff filed his Motion for New Trial. As a result, the Motion for New Trial is untimely. To the extent Plaintiff seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure, or seeks Rule 59(e) relief from the denial of his Motions for Reconsideration, the Court denies the Motion for New Trial for the reasons set forth in the February 22, 2007 Memorandum and Order [Doc. # 7], the March 29, 2007 Memorandum and Order [Doc. # 14], and herein.